UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-352 (KMM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mark Anthony Davis Jr., | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636 and Local Rule 72.1, upon Defendant Mark Anthony Davis Jr.'s (hereafter "Defendant") Motion to Dismiss the Indictment, [Docket No. 20]. Finding no hearing necessary, the Court took Defendant's Motion under advisement.

For the reasons discussed herein, it is recommended that Defendant's Motion to Dismiss the Indictment, [Docket No. 20], be **DENIED**.

## I.       Background

Defendant is charged with one (1) count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Indictment [Docket No. 1]).

## II.       Defendant's Motion to Dismiss the Indictment. [Docket No. 20].

Defendant seeks an Order of this Court dismissing the Indictment underlying the present case on the grounds that the charge against him violates (1) the Second Amendment of the U.S. Constitution in light of the U.S. Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111 (2022); and (2) the nexus requirement of the Commerce

Clause in light of the U.S. Supreme Court's decision in United States v. Rahimi, 602 U.S. 680, 144 S. Ct. 1889, 219 L. Ed. 2d 351 (2024). (Def.'s Mot. to Dismiss [Docket No. 20] at 1, 2).

On April 19, 2025, a Grand Jury in the District of Minnesota returned an Indictment finding probable cause that Defendant, having been previously convicted of Aggravated Assault, Felon in Possession of Firearm, Third Degree Criminal Sexual Conduct, Fifth Degree Drug Possession, and Theft, which were punishable by imprisonment for a term exceeding one year, was in possession of a Ruger model LC9s 9mm semiautomatic pistol bearing serial number 451-29038 in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Indictment [Docket No. 1]).

In his Motion, Defendant acknowledged that his arguments that the charges against him violate the Second Amendment and the nexus requirement of the Commerce Clause are foreclosed by United States v. Jackson, 110 F.4th 1120 (8th Cir. 2024), where the Eighth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1). (Mot. to Dismiss [Docket No. 20] at 1). Nevertheless, Defendant files this Motion to preserve the issues for further appellate review. (Id.).

A conviction under § 922(g)(1) requires the government to prove that (1) the defendant sustained a previous conviction for a crime punishable by a term of imprisonment exceeding one year; (2) he knowingly possessed a firearm; (3) he knew that he belonged to a category of persons prohibited from possessing a firearm; and (4) the firearm was in or affecting interstate commerce. See Rehaif v. United States, 588 U.S. 225, 139 S. Ct. 2191, 2200, 204 L. Ed. 2d 594 (2019); United States v. Coleman, 961 F.3d 1024, 1027 (8th Cir. 2020). In Jackson, the Eighth Circuit Court of Appeals, reviewing the constitutionality of § 922(g)(1) in light of Bruen, upheld the "longstanding prohibitions on the possession of firearms by felons" and found § 922(g)(1) to be constitutional. Jackson, 110 F.4th at 1125 (citing District of Columbia v. Heller, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008)).

The Court in <u>Jackson</u> went on to hold that the constitutionality of § 922(g)(1) is "[c]onsistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons[.]" <u>Id.</u> at 1129.

The Eighth Circuit has also held that § 922(g)(1) does not violate the Commerce Clause. <u>See, e.g.</u>, <u>United States v. Stuckey</u>, 255 F.3d 528, 529 (8th Cir. 2001); <u>United States v. Hill</u>, 386 F.3d 855, 859 (8th Cir. 2004) ("§ 922(g)(1) is a permissible extension of congressional authority pursuant to the Commerce Clause."); <u>United States v. Schmidt</u>, 571 F.3d 743, 746 (8th Cir. 2009) ("This court has repeatedly held § 922(g)(1) . . . is expressly tied to interstate commerce.").

This Court is bound to apply the precedent of the Eighth Circuit. <u>See</u> <u>e.g.</u>, <u>M.M. ex rel. L.R. v. Special Sch. Dist. No. 1</u>, 512 F.3d 455, 459 (8th Cir. 2008); <u>Hood v. United States</u>, 342 F.3d 861, 864 (8th Cir. 2003). Accordingly, the undersigned recommends that Defendant's Motion to Dismiss the Indictment, [Docket No. 20], be **DENIED**.

## III.    Conclusion

Thus, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.  Defendant's Motion to Dismiss the Indictment, [Docket No. 20], be **DENIED**.

Dated: March 6, 2026                                    s/Leo I. Brisbois
                                                        Hon. Leo I. Brisbois
                                                        U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.